Miroslav **J. SVESTKA** and Sophie Svestka,
Appellants,

v.

**Edward PELL, Appellee.**

No. 3614.

District of Columbia Court of Appeals.

Argued Jan. 4, 1965.

Decided April 29, 1965.

Werner Strupp, Washington, D. C., for appellants.

Morton Kudysh, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge:

This is an action on a promissory note in the sum of $5,000, given by defendants (now appellants), to plaintiff (now appellee). Appellee, a real estate broker, negotiated for appellants the sale of two properties and for his services they paid him $15,000 and gave him the note here sued upon.

When the case came on for trial, before any testimony was received, certain facts were admitted or stipulated in the course of the opening statements and through questioning of counsel by the court. These facts were that the listing agreement between the parties, providing for the broker's commission, stated that "in no event" should the sellers receive less than $190,000 in cash from the sale, "after deducting the brokerage fee." The defense to the note was that the sellers did not receive $190,000 in cash and that consequently there was no consideration for the note. However, defendants' counsel conceded that the sellers did receive $190,000 unless they were allowed to deduct from the amount received certain sums which they were obligated to pay. The trial court ruled that these items were not properly deductible and granted judgment for the broker.

The items claimed by the sellers as deductible from the amount they received arose from the fact that sale of one of the properties was transacted through the sale of corporate stock rather than conveyance of title to real estate. This property, an apartment house, was owned by a corporation and the sellers owned all the stock of the corporation. The contract for the

transfer of the stock contained the following provision:

"(2) The seller agrees to pay any and all bills for merchandise, services, repair bills, utilities, payroll, payroll-taxes, withholding taxes, Corporation taxes, and any other obligations incurred by the Corporation until the day of settlement."

An indemnity and affidavit of sale executed by the sellers make clear that the intent of the above provision was that the sellers would personally assume and pay all the obligations of the corporation owing and accrued at the date of settlement, with the exception of the mortgage debt on the property and certain specified promissory notes. As said above, it is the sellers' contention that these corporate debts, assumed by them, should be deducted from the amount received from the sale of the stock in determining whether they received less than $190,000. In entering judgment against the sellers the trial court apparently ruled as a matter of law that those items were not properly deductible.

The nature of the judgment is not clear. The trial court said it was in the nature of a summary judgment but "is probably judgment on the opening statement." This last remark is likely due to the fact that the trial court read neither the documents received in evidence nor other documents ready to be offered in evidence, but relied entirely on statements of counsel. Whatever may be the true nature of the judgment, we are of opinion that it should be reversed.

 Judgment on the opening statement of counsel or summary judgment is proper only when there is no doubt as to the facts, and all the facts, material to the issues. Determination of the issues here involved required interpretation of a number of documents, some of which cannot be said to be entirely free of ambiguity. Oral testimony may be necessary to determine the intent of the parties as expressed in these documents. These documents, al-

though in the record before us, admittedly were never read by the trial court. Summary disposition of appellants' defense, without an opportunity to them to offer in evidence all pertinent documents and any oral testimony they deemed relative thereto, was erroneous.

Reversed.